IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| SARAH MARGARET TAYLOR,<br><br>Appellant,<br><br>vs.<br><br>ELIZABETH A. KANE,<br><br>Appellee. | Civil No. 24-00205 MWJS-KJM<br><br>ORDER AFFIRMING BANKRUPTCY COURT'S ORDER GRANTING APPELLEE'S MOTION TO DISMISS APPEAL |

**ORDER AFFIRMING BANKRUPTCY COURT'S ORDER**
**GRANTING APPELLEE'S MOTION TO DISMISS APPEAL**

This is an appeal from an order of the United States Bankruptcy Court for the District of Hawaiʻi. Pro se Appellant Sarah Margaret Taylor argues that the bankruptcy court erroneously granted a motion to dismiss filed by the trustee, Appellee Elizabeth A. Kane. Having carefully considered the parties' submissions, the Court AFFIRMS the bankruptcy court's order.

**BACKGROUND**

On April 12, 2024, Taylor filed a notice of appeal from the bankruptcy court. ECF No. 1. Through that notice, Taylor sought to appeal the bankruptcy court's underlying order granting compensation to Kane in connection with her final report and distribution.

When a decision of the bankruptcy court is appealed to the district court, the bankruptcy rules require that the appellant file, among other things, a designation of items for the record and a statement of the issues.  Fed. R. Bankr. P. 8009.  Taylor did not timely file either of those items, and so, on May 28, 2024, the bankruptcy court issued a notice of deficient appeal.  ECF No. 16-5.  Despite that warning, Taylor failed to correct the deficiencies.  Kane then filed a motion in the bankruptcy court seeking dismissal of Taylor's appeal for failure to prosecute the appeal and failure to file the required items.  ECF No. 16-2.  In response, Taylor filed objections asking for more time to prepare an opposition and for a stay of the proceedings, ECF Nos. 16-6 & 16-7, but did not otherwise respond to the deficiency notice.

Following a hearing, the bankruptcy court issued an order dated July 16, 2024, granting Kane's motion to dismiss the appeal for the grounds stated in her motion.  ECF No. 16-1.  Two days later, Taylor filed a document titled "Statement of the Issues on Appeal."  ECF No. 9.  Taylor's signature on that document, however, was dated October 5, 2018—more than five years before the bankruptcy court's order dismissing this appeal—and it appears that Taylor's document had initially been filed in support of an earlier appeal.

Taylor now seeks this Court's review of the bankruptcy court's dismissal order, *see* ECF No. 14, and Kane filed a position statement arguing that the bankruptcy court did not abuse its discretion in dismissing Taylor's appeal, *see* ECF No 16.  Taylor

requested a seventy-five day stay of these proceedings to allow for her recovery from a medical procedure. ECF No. 14, at PageID.93. The Court construed that request as one for an extension of time to file a reply, and it granted the motion. ECF No. 17.

Taylor timely filed a reply brief on October 15, 2024. ECF No. 19. But that is not all she filed. For the first time, Taylor also filed in this Court a purported designation of items for the record and a statement of the issues, apparently in an attempt to meet her requirements for the appeal post-dismissal. ECF Nos. 18 & 20.

The Court elects to decide the matter without a hearing under Local Rule 7.1(c).

## STANDARD OF REVIEW

In reviewing a bankruptcy court decision, the federal district court "functions as an appellate court" and "applies the same standards of review as a federal court of appeals." *In re Crystal Props., Ltd., L.P.*, 268 F.3d 743, 755 (9th Cir. 2001). Accordingly, a bankruptcy court's dismissal for non-compliance with non-jurisdictional bankruptcy procedural requirements is reviewed for an abuse of discretion. *In re Fitzsimmons*, 920 F.2d 1468, 1471 (9th Cir. 1990).

## DISCUSSION

The bankruptcy court did not abuse its discretion in dismissing Taylor's appeal. This Court's Local Rule 8005.1 "authorize[s] and direct[s]" the bankruptcy court "[t]o dismiss an appeal in which appellant has failed to file a designation of the items for the record or a statement of the issues as required by" Federal Rule of Bankruptcy

Procedure 8009. Generally, a court must first consider alternative measures to dismissal for noncompliance with bankruptcy procedural requirements.[1] *Greco v. Stubenberg*, 859 F.2d 1401, 1404 (9th Cir. 1988). The actual use of alternative measures pursuant to dismissal, such as a warning of dismissal, "constitutes explicit consideration" of alternatives "even if the order dismissing does not mention these prior acts." *In re Fitzsimmons*, 920 F.2d at 1474 n.5 (citing *Greco*, 859 F.2d at 1404).

For over three months, despite the bankruptcy court providing her with ample notice of the appeal's deficiencies—and despite filing other documents—Taylor failed to file a designation of the record and statement of the issues on appeal. And so at the time the bankruptcy court issued its order dismissing the appeal, the bankruptcy court had already considered alternatives to dismissal by issuing the notice of a deficient appeal and giving Taylor an opportunity to cure the deficiencies. But the bankruptcy court still had nothing before it on which it could find that Taylor's appeal was sufficient.[2]

---

[1] A court must also generally consider "whether the conduct giving rise to the dismissal was caused entirely by the party's attorney." *Greco*, 859 F.2d at 1404. That factor is not applicable here because Taylor is proceeding pro se.

[2] At the hearing on the motion to dismiss in the bankruptcy court, Taylor argued that the opposition she had filed earlier that morning was functionally a statement of the issues in a different form. The bankruptcy judge pointed out that even if that were the case, Taylor still had not filed a designation of the record on appeal.

Taylor contends that she was unable to timely file the designation of the record because she needed the reasonable accommodation of a "human-reader scribe to undergo such a task given the breadth and depth of the dockets." ECF No. 14, at PageID.93. She submits that she has "communication disabilities," *e.g.*, ECF No. 12, and that she has previously received accommodations in other contexts, including when she took the Law School Admission Test (LSAT). ECF No. 19, at PageID.224.

Federal courts make "reasonable allowances for *pro se* litigants and construe[] their pleadings and papers liberally." *In re Saito Bros. Inc.*, 560 B.R. 540, 545 (Bankr. D. Idaho 2016). That said, "it is still the *pro se* litigant's burden to establish a proper legal basis for any relief sought or defense raised, and to follow the requirements of the Bankruptcy Code, Bankruptcy Rules, and Local Bankruptcy Rules." *Id.* While the Court is sympathetic toward the disabilities Taylor describes, the record of these proceedings does not support the conclusion that Taylor was unable to comply with the bankruptcy court rules. To the contrary, it appears that Taylor was able to adequately represent herself in the bankruptcy proceedings; she successfully filed many briefs on her own. Indeed, at the hearing on Kane's motion to dismiss, the bankruptcy judge stated that he had considered reasonable allowances for Taylor's circumstances, but that she nonetheless had an obligation to move the case forward in a reasonable timeframe. When Taylor then argued that she simply needed twice the amount of time as other litigants to file her documents as a reasonable accommodation, the bankruptcy judge

noted that she had already been provided with more time than that. And the bankruptcy judge further explained that the designation of the record and statement of issues on appeal were fairly straightforward documents that could have been compiled with less work than Taylor had seemingly put into other documents that she filed during that time period.

Moreover, Taylor does not explain why—six months after the initial notice of appeal—she has now been able to file the designation of the record without any Court-ordered assistance. And, finally, Taylor has not adequately accounted for her untimely filing of the statement of the issues. For these reasons, the bankruptcy court did not abuse its discretion in dismissing Taylor's appeal. *See, e.g.*, *In re Kenny G Enterprises, LLC*, 708 F. App'x 390, 390 (9th Cir. 2017) ("The district court did not abuse its discretion by dismissing . . . appeal because, despite being required by the Federal Rules of Bankruptcy Procedure to take certain actions within 14 days of filing the appeal, [appellant] failed to do so more than six months after appealing.").

//

//

//

//

//

//

**CONCLUSION**

The bankruptcy court's order dismissing Taylor's appeal is AFFIRMED.

IT IS SO ORDERED.

DATED: October 29, 2024, at Honolulu, Hawai'i.

UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
/s/ Micah W.J. Smith
Micah W.J. Smith
United States District Judge

*Sarah Margaret Taylor v. Elizabeth A. Kane*; Civil No. 24-00205 MWJS-KJM; ORDER AFFIRMING BANKRUPTCY COURT'S ORDER GRANTING APPELLEE'S MOTION TO DISMISS APPEAL

7