IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| SARAH MARGARET TAYLOR,<br><br>    Appellant,<br><br>vs.<br><br>ELIZABETH A. KANE,<br><br>    Appellee. | Civil No. 24-00205 MWJS-KJM<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

### ORDER DENYING MOTION FOR RECONSIDERATION

Before the Court is pro se Appellant Sarah Margaret Taylor's motion for reconsideration.  ECF No. 22.  Taylor had filed a notice of appeal from an order of the United States Bankruptcy Court for the District of Hawaiʻi granting compensation to the trustee.  ECF No. 1.  But after that notice, Taylor did not submit to the bankruptcy court the other filings required to prosecute her appeal under the bankruptcy procedural rules—namely, she did not timely file a designation of items for the record or a statement of the issues.  *See* Fed. R. Bankr. P. 8009.  The bankruptcy court notified Taylor that her appeal was deficient.  ECF No. 4.  When Taylor did not cure the deficiencies, it eventually dismissed her appeal.  ECF No. 8.  Taylor then sought this Court's review of the dismissal, ECF No. 14, and she purported to file the missing documents that were needed to perfect her bankruptcy appeal in this Court, *see* ECF

Nos. 18 & 20.  The Court affirmed the dismissal of her appeal.  ECF No. 21.  Taylor now moves for reconsideration of that affirmance.  ECF No. 22.

"Motions for reconsideration are disfavored."  Local Rule 60.1.  Such a motion "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."  *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999); *see also* LR60.1.

Taylor has not satisfied this demanding standard.  She identifies no newly discovered evidence to change the calculus, no newly decided cases, and no errors in this Court's reasoning.

Instead, Taylor appears to argue that this Court should have retroactively extended her deadline to file the designation of items for the record and statement of the issues in bankruptcy court.  But it is not the district court's role to decide the sufficiency of Taylor's appeal from a fresh slate.  In reviewing the bankruptcy court's decision, the district court "functions as an appellate court," *In re Crystal Props., Ltd.*, 268 F.3d 743, 755 (9th Cir. 2001), and its task is limited to deciding whether the bankruptcy court abused its discretion, *In re Fitzsimmons*, 920 F.2d 1468, 1471 (9th Cir. 1990).  Taylor

2

has identified no errors in this Court's determination that the bankruptcy court did not do so.[1]

Because Taylor did not timely file a designation of items for the record or statement of the issues in the bankruptcy court, the bankruptcy court could not certify that her appeal was ready for this Court's review.  The bankruptcy court gave Taylor notice of those deficiencies, but she still did not cure them.  And so after several months had passed, the bankruptcy court dismissed Taylor's appeal.  While it is always preferable that a case be decided on its merits, a court must be able to set outer boundaries to control its docket.  Even a pro se litigant must comply with court rules and must do so within a reasonable timeframe.  *See In re Saito Bros. Inc.*, 560 B.R. 540, 545 (Bankr. D. Idaho 2016).

Taylor represents in her motion for reconsideration—for the first time—that she was able to file a purported designation of items for the record in this Court because she personally hired "reader-scribes" to assist her in preparing that document, an accommodation that she believes the bankruptcy court should have offered her in the

---

[1]     Taylor takes issue with a footnote in the Court's order, which explained that before dismissing an appeal, a court must generally consider "whether the conduct giving rise to the dismissal was caused entirely by the party's attorney." ECF No. 21, at PageID.234 n.1 (quoting *Greco v. Stubenberg*, 859 F.2d 1401, 1404 (9th Cir. 1988)).  Taylor argues this factor is inapplicable since she is unrepresented.  ECF No. 22, at PageID.239.  The Court agrees; indeed, its order explicitly noted that "[t]hat factor is not applicable here because Taylor is proceeding pro se." ECF No. 21, at PageID.234 n.1.  And so that footnote is not a basis for reconsideration.

3

first instance.  ECF No. 22, at PageID.239.  Taylor still does not adequately explain, however, why she was able to successfully prepare and file other materials in the bankruptcy court before the dismissal, but not the designation of items for the record.  Taylor does not dispute the bankruptcy court's reasoning that the designation of items for the record and statement of the issues were "fairly straightforward documents that could have been compiled with less work than Taylor had seemingly put into other documents that she filed during that time period."  ECF No. 21, at PageID.236.  And, most importantly, Taylor does not explain why the bankruptcy court abused its discretion in relying on that record at the time it dismissed her appeal.

Although the only question is whether the bankruptcy court abused its discretion, Taylor separately argues that this Court misconstrued one of her requests.  After the bankruptcy court had dismissed her appeal—and after she had sought this Court's review, and the trustee had filed a position statement—Taylor requested a seventy-five day stay of the proceedings to allow her to recover from a medical procedure.  Given the procedural posture, the Court construed that request as one for an extension of time to file a reply, and granted it.  ECF No. 21, at PageID.233.  Taylor now argues that the Court "erred in construing [her] motion for 75 days []as a motion for an extension of time to file a reply."  ECF No. 22, at PageID.240.  In her view, she "merely and literally needed that time to undergo treatment" for serious medical conditions.  *Id.*  It is not clear how Taylor would have preferred the Court to construe

4

her request. But it is clear there would have been no basis—at that late stage in the case—to grant a retroactive extension of any sort to file a designation of items for the record or statement of the issues. As explained earlier, the question for this Court was not whether Taylor *could* perfect her appeal; it was merely whether the bankruptcy court abused its discretion in concluding that she had not done so and that the appeal should be dismissed. Taylor's motion for reconsideration provides no ground for concluding that the bankruptcy court abused its discretion.

For the foregoing reasons, Taylor's motion for reconsideration, ECF No. 22, is DENIED.

IT IS SO ORDERED.

DATED: November 19, 2024, at Honolulu, Hawaiʻi.



/s/ Micah W.J. Smith
_____
Micah W.J. Smith
United States District Judge

*Sarah Margaret Taylor vs. Elizabeth A. Kane*; Civil No. 24-00205 MWJS-KJM; Order Denying Motion for Reconsideration